UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

―――――――――――――――――――――――――――――――

SHARINA TORRES, :
             Plaintiff, :
 :
     v. : No. 5:21-cv-04953
 :
UNITED STATES OF AMERICA, :
             Defendant. :

―――――――――――――――――――――――――――――――

**O P I N I O N**
Motion to Limit Plaintiff's Damages, ECF No. 10 – Granted

**Joseph F. Leeson, Jr.**                                                                                   June 13, 2022
**United States District Judge**

**I.     INTRODUCTION**

Plaintiff Sharina Torres initiated the above-captioned action pursuant to the Federal Tort Claims Act ("FTCA") against the United States following a motor vehicle collision between Torres and the driver of a United States Postal Service caravan. Before bringing suit, Torres first presented an administrative claim pursuant to the FTCA's administrative exhaustion requirements, seeking a sum certain of $500,500 for property damage and personal injuries. Since filing the instant action, Torres has increased her monetary demand to more than $5,000,000. The United States has filed a Motion to Limit Plaintiff's Damages to the $500,500 sought in the administrative claim. For the reasons set forth below, the motion is granted.

**II.    BACKGROUND**

Torres alleges that on or about May 31, 2019, she was driving her vehicle in Lehigh County when struck by a postal caravan driven by Ellen Choi. *See* Compl. ¶¶ 12-13, ECF No. 1. Torres alleges Choi negligently performed a U-turn into her lane of travel, causing a t-bone impact. *See id.* Torres alleges she suffered injuries in the accident, including traumatic brain injury, concussion,

post-concussive symptoms, memory deficits, cognitive losses, and injuries to her head, neck, back, shoulders, collar bones, ribs, chest, arms, hands, fingers, and hip.  *See id.* ¶ 16; Claim, ECF No. 10-2.  On April 1, 2021, less than two months before the expiration of time to bring such a claim,[1] Torres filed an administrative claim (the "Claim") with the United States Postal Service ("USPS") Tort Center related to the collision.  *See* Claim (filed on Standard Form 95).  The Claim requests damages of $500,000 for personal injuries and $500 for property damage.  *See id.*

On November 10, 2021, having received no decision on her Claim, Torres filed a Complaint in the instant action pursuant to the FTCA, 28 U.S.C. §§ 1346, 2671-2680.  Shortly thereafter, she received a Medical Expert Report and completed Life Care Plan.  *See* Resp. 2, ECF No. 11-2.  On December 6, 2021, Torres sent a letter to USPS Tort Center titled "Demand Letter and Form 95 Supplement of Claim," along with supplemental documentation regarding damages.  *See* Letter, ECF No. 10-4.  The Letter attempted to amend the administrative Claim by increasing Torres's settlement demand to $5,000,000 for personal injuries, as well as the original $500 in property damage.  *See id.*  The USPS denied the Claim on December 17, 2021 because Torres had filed a civil Complaint in the above-captioned action.  *See* Denial, ECF No. 10-5 ("As your client filed a civil action in United States District Court on November 10, 2021 regarding this matter, the above-referenced administrative claim is hereby denied.").  In a letter dated January 5, 2022, the USPS clarified the denial of the Claim as it related to Torres's increased settlement demand.  *See* Clarification, ECF No. 10-6.  The USPS explained: because "Ms. Torres had already exercised her option to pursue litigation prior to submitting an amended administrative tort claim, it is too late for her to administratively amend her claim; the Postal Service has no authority to consider the recent

---

[1]   *See* 28 U.S.C. § 2401(b) (providing that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . .").

amended claim submitted on her behalf; nor may she assert entitlement to the amended claim amount submitted without leave of court pursuant to 28 U.S.C. § 2675(b)." *See id.*

The United States thereafter filed an Answer to the Complaint in the above-captioned action. *See* Answer, ECF No. 4.  Several months later, it filed the instant Motion to Limit Plaintiff's Damages pursuant to Rule 12(b)(1) and 28 U.S.C. § 2675(b).  *See* Mot., ECF No. 10.  The United States argues this Court lacks subject-matter jurisdiction to consider Torres's FTCA claims to the extent she seeks damages in excess of $500,500, as her attempt to increase her administrative claim in December, 2021 was untimely because she had already initiated civil litigation.  *See id.*; Reply, ECF No. 18.  Torres disagrees with this argument and also makes two alternative suggestions: (1) she be granted leave to dismiss the above-captioned action, or (2) she be granted leave to amend her claim under § 2675(b) based on newly discovered evidence.  *See* Resp.  The United States disputes Torres's suggestion that she may cure jurisdictional defects by dismissing the case and returning to the administrative process with an amended claim.  *See* Mot.; Reply; 41 Opp., ECF No. 17.  The United States further asserts that Torres cannot make the necessary showing to allow amendment under § 2675(b).  *See* Mot.; Inc. Opp., ECF No. 19.

### III.  STANDARDS OF REVIEW

#### A. Motion to Dismiss under Rule 12(b)(1) – Review of Applicable Law

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)).  "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it

requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3).  A factual attack challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A factual attack "cannot occur until plaintiff's allegations have been controverted[,]" *Mortensen*, 549 F.2d at 892 n.17, which occurs when the movant files an answer or "otherwise presents competing facts." *Aichele*, 757 F.3d at 358.  In a factual attack, "the court may consider evidence outside the pleadings." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891).  "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original).

As the United States correctly points out, because the instant Complaint does not include information as to the amount of damages sought, a factual challenge is presented.  *See Holton v. Finley*, No. 4:21-CV-737, 2021 U.S. Dist. LEXIS 248038, at *18 (M.D. Pa. Dec. 30, 2021) (construing the argument as to FTCA exhaustion as a factual challenge to the court's subject matter jurisdiction).

      B.     **Sovereign Immunity - Review of Applicable Law**

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941) (internal citations omitted).  "A waiver of sovereign immunity . . . must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted).  "[S]overeign immunity can only be waived by the

sovereign, and the 'conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" *White-Squire v. United States Postal Serv.*, 592 F.3d 453, 458 (3d Cir. 2010) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). A court "should not take it upon [itself] to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 118 (1979).

      C.      **FTCA Exhaustion – Review of Applicable Law**

The "purpose of FTCA was to make the tort liability of the United States the same as that of a private person under like circumstance. . . ." *United States v. Olson*, 546 U.S. 43, 46-47 (2005) (internal quotation omitted). Because the FTCA provides a limited waiver of the United States' sovereign immunity, its established procedures must be strictly construed. *See White-Squire*, 592 F.3d at 456; *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). Section § 2675 provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency. . . .
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except . . . .

28 U.S.C. §§ 2675(a)-(b). The exhaustion requirement in § 2675(a) "is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). The "sum certain requirement contained in § 2675(b) is [also] jurisdictional. Thus, a claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim." *White-Squire*, 592 F.3d at 457-58 (3d Cir. 2010).

IV.     **ANALYSIS**

   A.     **Torres's FTCA claim is limited to damages in the amount of $500,500.**

There is no dispute that Torres timely filed an administrative claim on April 1, 2021, seeking a sum certain of $500,500 in damages. There is also no dispute that Torres did not seek any additional damages at the administrative level until after having instituted the above-captioned action on November 10, 2021. Nevertheless, Torres argues, *inter alia*, that because the USPS did not begin to evaluate her administrative claim until after December 6, 2021, when she sent all medical records, bills, expert reports, and an increased demand, that these documents effectively amended her administrative claim. *See* Resp. 7-10 (arguing against the strict application of § 912.5(b)). The United States, on the other hand, asserts that Torres's December 6, 2021 attempt to increase her administrative claim was untimely because she had already filed the instant federal action and therefore it did not constitute an amendment at the administrative level. *See* Mot. 8-9 (citing 28 U.S.C. § 2675; 39 C.F.R. § 912.5(b)(1); 28 C.F.R. §14.2(c)). Consequently, it argues, Torres may not seek any sum in excess of $500,500, unless she meets the limited exceptions outlined in 28 U.S.C. § 2675(b).

If this Court were to adopt Torres's position that she amended her administrative claim after filing the above-captioned action by simply sending additional documents to the USPS, the sovereign immunity limitations in § 2675(b) would become meaningless. Torres essentially asks this Court to ignore the plain language requirements in § 2675(b) and Congress's intent to preclude a federal litigant from seeking damages in excess of the amount presented to the federal agency except under the limited circumstances proscribed in 28 U.S.C. § 2675(b), which this Court may not do. *See White-Squire*, 592 F.3d at 458 (holding that the limitations in § 2675(b) must be "strictly observed" and that a court may not expand on the exceptions listed therein).

Torres's position would also require this Court, and by extension the USPS, to act contrary to the plain language requirements in § 912.5(b).  Section 912.5(b) provides that an administrative claim against the USPS "may be amended by the claimant at any time prior to:

> *(1) The claimant's exercise of the option to file a civil action pursuant to 28 U.S.C. 2675(a);*
> (2) The Postal Service's issuance of a payment in the full amount of the claim; *or*
> (3) The Postal Service's issuance of a written denial of the claim in accordance with § 912.9.

39 C.F.R. § 912.5 (emphasis added). *See also* 28 C.F.R. § 14.2(c) ("A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)."). Torres's attempted amendment was indisputably sent to the USPS after she filed the above-captioned civil action and is thereby time barred under § 912.5(1).  The fact that her attempted amendment predated the USPS's written denial of her claim under § 912.5(3) is irrelevant because the time to amend ended when the instant civil action was filed more than a month earlier.  *See* Denial (dated December 17, 2021); Clarification (dated January 5, 2022).  It is the occurrence of any one of the three events in § 912.5 that ends a claimant's ability to amend a claim.  Any alternative reading would require an internally inconsistent reading because the second and third events (payment of a claim and denial of a claim) would never both happen in the same case.  Accordingly, if a claimant could amend as long as one of the three events has not yet occurred, the time to amend would be unlimited.  This Court rejects such a reading.

The Court also finds unpersuasive Torres's argument that § 912.5(b) should be ignored because her attempted amendment occurred "before any responsive pleading was filed by the Defendant" and "just twenty-six (26) days after she filed the lawsuit" for the following three reasons.  *See* Resp. 8.  First, neither of the events on which Torres relies are identified in § 912.5 as ending a claimant's ability to amend her claim.  Second, by filing the instant federal action, she

eliminated the ability of the USPS to settle her administrative claim,[2] as is evidenced by the agency's denial due to the fact Torres "filed a civil action in United States District Court on November 10, 2021 regarding this matter. . ." *See* Denial.  Contrary to Torres's suggestion that the purpose of the demand amount is to prevent the United States from being caught by surprise, "Congress's purpose in requiring administrative presentment, [] is to encourage the settlement of meritorious claims." *White-Squire*, 592 F.3d at 459. *See also Tucker v. United States Postal Serv.*, 676 F.2d 954, 958-59 (3d Cir. 1982) (describing a purpose of administrative exhaustion being to "give [the United States] an opportunity for investigation, and allow it to adjust differences and settle claims without suit").  "Providing a sum certain claim for damages is central to this policy of requiring presentment of claims to the appropriate federal agency because it enables the agency head to determine whether the claim can legally be settled by the agency and, if so, from where the payment should come." *White-Squire*, 592 F.3d at 459.  "[I]t goes without saying that an agency cannot consider settling a claim if it cannot ascertain the claim's value." *Id.*  Although the USPS had the ability to consider settling Torres's claim for $500,500, it had no ability to consider settling a claim for a higher amount because Torres elected to remove her administrative claim to this Court before attempting to increase her demand.  Third, another purpose of administrative exhaustion is "to protect the (government) from the expense of needless litigation." *See Tucker*, 676 F.2d at 958-59 (quoting S.Rep. at 7, reprinted in (1966) U.S. Code Cong. & Admin. News at p. 2517)).  The dictates of § 2675 must be followed even where the burden on the United States is only slight because "the statute governs the processing of a vast multitude of claims [and t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward

---

[2]     *See* 39 C.F.R. § 912.5(c) ("Upon the *timely* filing of an amendment to a pending claim, the Postal Service shall have six months in which to make final disposition of the claim as amended, and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment." (emphasis added)).

statutory command." *McNeil v. United States*, 508 U.S. 106, 111-12 (1993) ("Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions."). Torres's assertion that the USPS had not yet begun to evaluate her claim at the time she filed her attempted amendment and that the USPS would not be prejudiced if this Court allows the late amendment is therefore without merit. *See id.* (rejecting the appellant's suggestion that "[a]s long as no substantial progress has been made in the litigation by the time the claimant has exhausted his administrative remedies, the federal agency will have had a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation").

For all these reasons, Torres's December 6, 2021 attempt to increase her administrative claim was not a timely or effective amendment. "A claimant's failure to take advantage of these available procedures [to amend an administrative claim] cannot justify judicial tinkering with the United States'[] waiver of its sovereign immunity and the subject matter jurisdiction of the federal courts." *See White-Squire*, 592 F.3d at 459 (reasoning that the claimant could have amended her administrative claim to account for a disparity in the claim estimate). Damages in the above-captioned action are therefore limited to $500,500 unless Torres can meet one of the exceptions outlined in § 2675(b) to allow her to bring a claim in excess of that amount.

      **B.**      **Torres may not amend her claim under § 2675(b).**

An FTCA plaintiff may seek damages in excess of the amount of the claim presented to the federal agency by meeting one of two exceptions: (1) "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or [2] upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The burden is on the plaintiff to show one of the exceptions in § 2675(b). *See Schwartz v. United States*, 446 F.2d 1380, 1381 (3d Cir. 1971).

Torres relies on newly-discovered evidence to support an amendment, arguing that because her injuries stem from a closed-head injury, with no broken bones or surgical procedures, they were difficult to gauge. *See* Resp. 14-15. She asserts that it was not until the results of an Independent Medical Examination ("IME") conducted in October 2021 were received six days after the instant action was filed on November 10, 2021, that another expert was contacted to prepare a Life Care Plan detailing the cost of future medical treatment, such report received approximately two weeks later, at which time Torres discovered the extraordinary nature of her injury. *See id.* The United States asserts, on the other hand, that these reports, which discuss medical treatment Torres received from May 31, 2019 (the day of the accident) through August 2021, the majority of which occurred by the time she submitted her April 1, 2021 administrative claim, show that the evidence was discoverable. *See* Mot. 9. It also notes that all of this treatment, as well as her expert evaluations, occurred before Torres opted to file suit in November 2021 while she still had the ability to amend her administrative claim. *See id.*

The circuit courts of appeals have employed three different tests to determine whether a plaintiff has demonstrated that there is "newly discovered evidence not reasonably discoverable," *see* 28 U.S.C. § 2675(b). *See Salas v. United States*, No. 16-2485, 2021 U.S. Dist. LEXIS 4586, at *16-17 (D.N.J. Jan. 11, 2021). The Third Circuit Court of Appeals has not yet adopted a test, but the majority of district courts in the Third Circuit, as well as the majority of other circuit courts have applied the reasonably discoverable/reasonably foreseeable test. *See Park v. United States*, No. 17-13139, 2020 U.S. Dist. LEXIS 131941, at *8 (D.N.J. July 27, 2020) (collecting cases); *Diawara v. United States*, No. 18-3520, 2020 U.S. Dist. LEXIS 40131, at *5 (E.D. Pa. Mar. 9, 2020) (applying the "reasonably discoverable" test of the Fourth, Sixth, Eleventh, and D.C. Circuit Courts of Appeals). The reasonably-discoverable test "focuses on whether it was foreseeable that the plaintiff's injuries would worsen beyond the original claim." *Bravo-Garcia v. United States*, No.

13-2185 (NLH/JS), 2015 U.S. Dist. LEXIS 4727, at *16 (D.N.J. Jan. 15, 2015).  Consistent with the majority of courts and Torres's request, this Court applies the reasonably-discoverable test.

This Court finds that the evidence supporting an increased claim amount was reasonably discoverable at the time Torres filed her administrative claim on April 1, 2021.  By April 2021, Torres had already received the vast majority of the medical treatment supporting the increased claim amount.  *See* Letter.  Torres argues that because the majority of her injuries stem from a closed-head trauma, the extent of her injuries were difficult to gauge.  *See* Resp. 14.  While this may have been true in the summer of 2019, immediately after the accident occurred, Torres has not shown how or attempted to explain why they were not reasonably discoverable two years later when she filed her administrative claim.  The claim, which states that Torres "sustained a traumatic brain injury, concussion, post-concussive symptoms, memory deficits, cognitive loss, and injuries to the neck, back, shoulders, collar bone, arms, hands and fingers, and hips," Claim ¶ 10, shows Torres knew her injuries stemmed largely from a head and brain injury.  The need for ongoing treatment for these injuries is reflected by her medical records of ongoing medical tests, medication, and therapy.  *See* Letter.  Although Torres continued to receive treatment after the administrative claim was filed, there is no evidence of new or different treatment or diagnoses.  *Accord Wiggins v. Bledsoe*, No. 3:11-1298, 2019 U.S. Dist. LEXIS 147507, at *16 (M.D. Pa. Aug. 29, 2019) (finding that the plaintiff had "shown that his newly discovered evidence as to the many complications he would suffer *after* his initial surgery *requiring several new* surgeries was not reasonably discoverable at the time he filed his amended tort claim" (emphasis added)).

Although the IME and subsequent expert reports were not completed until approximately six months after the administrative claim was filed, there is nothing to show that they could not have occurred earlier or that the conclusions (based mostly on medical conditions and treatment occurring prior to April 2021) would have been any different so as to show that the information

therein was not discoverable earlier. *See Salas*, 2021 U.S. Dist. LEXIS 4586, at *23 (concluding that the plaintiff had not shown pursuant to § 2675(b) that there is newly discovered evidence or intervening facts to justify an increase in amount demanded in the administrative claim because the record indicated that the plaintiff "knew that his worsening condition had not responded to over a year's worth of numerous treatment approaches and was severe enough to warrant surgery" putting further treatment, including surgery, and the possibility of permanent limitations within the reasonably foreseeable realm of possibilities). If this Court were to allow an amendment based solely on Torres's receipt of these reports after the instant action was filed, the requirement in § 2675(b) that the increased amount be based not only "upon newly discovered evidence" but also that this newly discovered evidence was "not reasonably discoverable at the time of presenting the claim to the federal agency" would become meaningless. Such a result is contrary to the Court's obligation to strictly construe the requirements of the FTCA and the sovereign immunity waiver provided therein. *See White-Squire*, 592 F.3d at 458 (holding that "the conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied").

This is especially true in the instant action where Torres could have amended her administrative claim with the USPS. As discussed above, had Torres not filed the instant action, she could have amended her administrative claim to seek the higher amount of damages. Instead, she voluntarily decided to terminate the ability of the USPS to settle her administrative claim at the agency level by initiating a federal civil suit. There were no time limitations necessitating the filing of the instant action. Torres could have simply waited a few more days for receipt of the IME report, which had already been requested, and a few short weeks for the Life Care Plan to better determine her damages. "A claimant's failure to take advantage of these available procedures

cannot justify judicial tinkering with the United States'[] waiver of its sovereign immunity and the subject matter jurisdiction of the federal courts." *White-Squire*, 592 F.3d at 459.

Consequently, Torres's request to amend her claim pursuant to 28 U.S.C. § 2675(b) is denied because she has failed to demonstrate there is "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency." *See* 28 U.S.C. § 2675(b). This Court therefore lacks jurisdiction as to any amount in excess of $500,500.

### C. Torres's request for leave to withdraw the case is denied.

Torres requests that if her attempted amendment at the administrative level is not accepted and if she is denied leave to amend before this Court, that instead of limiting her claim to $500,500 she be granted leave to dismiss the above-captioned action without prejudice and with leave to refile no later than June 17, 2022, which is six months after the Denial was issued by the USPS. *See* Resp. 10-11. The United States responds that this suggestion would not provide the relief she seeks because Torres's election to remove her claim from the administrative process cannot be undone. *See* Reply 8. It argues that there is no authority for the Court to ignore the regulations regarding timely claim amendment, 39 C.F.R. § 912.5(b)(1) and 28 C.F.R. 14.2(c), or the FTCA's jurisdictional cap on damages. 28 U.S.C. § 2675(b).

Torres's alternative request is denied for the following four reasons. First, for the reasons previously discussed, Torres's attempted amendment at the administrative level was untimely and ineffective and will remain so even if the instant action is dismissed. *See* 39 C.F.R. § 912.5(b)(1); 28 C.F.R. § 14.2(c). Second, Torres may not rely on the Court to undo her decision to initiate the instant action before amending her administrative claim. The increased damages were discoverable during the administrative process and before she initiated the instant action, which she was under no obligation to bring in the first place. Had Torres not elected to remove her claim from the administrative process, the USPS would have had an opportunity to assess and potentially settle her

claim for the increased amount.  Torres may have had reasons to seek court intervention when she did, but she cannot now undo that decision.  Third, Torres may not exhaust administrative remedies after initiating federal action.  *See George v. E. Orange Hous. Auth.*, 687 F. App'x 122, 124 (3d Cir. 2017) (holding that the plaintiff's "post-suit attempt to pursue administrative remedies did not give the District Court subject matter jurisdiction to hear his FTCA claim"); *Albani v. United States*, No. 09-4790, 2010 U.S. Dist. LEXIS 56699, at *17-19 (E.D. Pa. June 9, 2010) (dismissing the FTCA claim for lack of subject matter jurisdiction where the plaintiff failed to exhaust administrative remedies before commencing the federal action).  *See also Zierke v. United States*, 679 F. App'x 103, 106 (3d Cir. 2017) (holding that an administrative tort claim filed after the federal action could not serve to exhaust the claims of his complaint).  Fourth, Torres's suggestion, which would create an exception to sovereign immunity not contemplated by Congress, would not be in keeping with the spirit of the law, as she suggests.  *See* Reply 11-12.  To the contrary, the burden on the United States would be great because after already having had to defend the instant action, it would have to consider a second administrative claim in contradiction with federal regulations, and then be required to defend a second federal lawsuit.  *See McNeil*, 508 U.S. at 111-12 (discussing the burden every premature filing places on the judicial system and on the Department of Justice to defend such actions).  For all these reasons, sovereign immunity is not in keeping with Torres's request for alternative relief and such relief is denied.

V.      **CONCLUSION**

Torres timely filed an administrative claim against the USPS following a car accident, but decided to remove the claim from the administrative process by filing the above-captioned action pursuant to the FTCA.  Her subsequent attempts to amend the claim through the administrative process were ineffective and untimely.  Because the increased claim amount is based largely on medical treatment and diagnosis known or reasonable knowable at the time she filed her claim,

Torres is also unable to amend her damages in the federal lawsuit. The FTCA, which provides a limited exception to sovereign immunity and must be strictly construed therefore limits this Court's jurisdiction to the amount of damages initially presented to the USPS in the amount of $500,500. Torres cannot now return to the administrative process to seek a higher amount. The motion of the United States to limit damages is granted.

      A separate order follows.

                                          BY THE COURT:

                                          */s/ Joseph F. Leeson, Jr.*
                                          JOSEPH F. LEESON, JR.
                                          United States District Judge