UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SHARINA TORRES,                             :
                Plaintiff,         :
                                  :
     v.                              :  No. 5:21-cv-04953
                                  :
UNITED STATES OF AMERICA,                   :
                Defendant.         :
_____

**O R D E R**

**AND NOW**, this 6th day of March, 2023, upon consideration of Defendant's Motion to Supplement the Factual Record filed by the United States and of Plaintiff Sharina Torres's response in opposition thereto, **IT IS HEREBY ORDERED**:

Defendant's Motion to Supplement the Factual Record, ECF No. 56, is **DENIED in part and GRANTED in part** as follows:

    1.    The motion to reopen the record to admit chiropractic records as Trial Exhibit J-75, *see* ECF No. 56-3, is denied.[1]

---

[1] The United States had sufficient time to conduct discovery and obtain records from Comprehensive Chiropractic / Dr. Strencosky prior to trial. Specifically, the above-captioned action was initiated on November 10, 2021, and trial was not held until nine months later. On February 17, 2022, this Court issued an Order setting the United States' expert discovery deadline as May 18, 2022, and the fact discovery deadline as June 15, 2022. At the request of the United States, its expert discovery deadline was extended twice, until June 15, 2022, and then until July 15, 2022. To the extent the records from Comprehensive Chiropractic were not promptly requested by the United States because Ms. Torres purportedly failed to identify Dr. Strencosky as having treated her prior to the collision, the United States was on notice during Ms. Torres's deposition on June 7, 2022, that she may have seen a chiropractor before the collision. Nevertheless, the United States waited until July 28, 2022, to revisit its record request with Comprehensive Chiropractic and failed to bring this issue (either Torres's failure to identify the provider or the failure of the third-party provider to respond) to the Court's attention prior to trial. Furthermore, the United States received the additional medical records the day after the bench trial concluded but waited more than two months to move to reopen the record. The United States may cite the filing deadline for proposed findings of fact and conclusions of law

2.      The motion to reopen the record to admit the signed election page as Trial Exhibit J76, *see* ECF 56-1, is granted[2] and J76 is admitted.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

for this two-month delay, but the United States could not have been surprised by Ms. Torres's proposed findings of fact on this point because they are based on her testimony at trial.  The United States is not unduly prejudiced by not being permitted to reopen the record.  If, however, the record is reopened to admit the additional medical records that the United States asserts impeach Ms. Torres's testimony, Ms. Torres would be unduly prejudiced if not permitted to testify regarding the same and it may be necessary to permit both parties' expert witnesses to address these records, all of which would be unduly burdensome on the parties and their witnesses and would not be in the interests of judicial economy.  *See Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 n.6 (3d Cir. 1975) ("In deciding whether to reopen a case, the district court should be concerned with several factors: What burden, if any, will be placed on the parties and their witnesses; what undue prejudice may result by not taking new testimony; and what consideration should be given to judicial economy.").

[2]     Unlike the additional medical records discussed above, reopening the record to admit the signed election page would not also necessitate reopening the record to permit additional testimony and would not be unduly burdensome on the parties or witnesses or to judicial economy.  *See id.*  Permitting Ms. Torres to collect damages from the United States that she elected not to receive would however be unduly prejudicial to the United States.  Ms. Torres has never disputed that she had only limited tort coverage, nor has she ever challenged the validity of the signed election page.  Furthermore, because evidence that Ms. Torres had only limited tort coverage is already in the record, *see* J73, the United States established its affirmative defense.  Reopening the record to include the signed election page serves to make a more complete record, not to provide the United States with another opportunity to litigate the issue.  Contrary to Ms. Torres's suggestion, which is unsupported by any legal authority, the United States did not also have the burden of showing that Ms. Torres's election was knowing and voluntary.  *See State Farm Mut. Auto. Ins. Co. v. Ciccarella*, No. 01-1211, 2002 U.S. Dist. LEXIS 7698, at *11 (E.D. Pa. May 1, 2002) (holding, in the context of an insureds' election of lower under-insured motorist benefits, that an inquiry into whether the election was knowing and intelligent is "unnecessary where the insurer has complied with the MVFRL" [Motor Vehicle Financial Responsibility Law]); 75 Pa. C.S.A. §§ 1701-1799.7 (The MVFRL regulates the relative duties of an insured and insurer by setting forth stringent requirements for rejecting certain types of coverage, including full tort and uninsured/underinsured motorist coverage.).  Ms. Torres has never suggested that her insurer failed to comply with the MVFRL.